IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                            No. CV-05-0934 JP/DJS
                                                      CR-02-1938 JP

JOSE HERRERA,

      Defendant.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court for preliminary review of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 52) filed August 31, 2005. *See* 28 U.S.C. § 2255 R.4(b). Defendant pled guilty to a one-count information charging him with possession with intent to distribute cocaine, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(A). On April 8, 2003, the Court entered judgment against Defendant, sentencing him to a 262-month prison term. The Court of Appeals for the Tenth Circuit dismissed Defendant's appeal on July 28, 2004. He now asserts claims of illegal sentence under *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), and involuntary plea resulting from ineffective assistance of counsel.

      Defendant invokes the Supreme Court's recent decision in *Booker* as the basis for challenging his sentence. The defendant in *Booker* brought constitutional claims against his sentence under the United States Sentencing Guidelines. The Court applied the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), in determining that a sentence greater than the applicable Guidelines offense level must be based on facts that are admitted or found by a jury beyond a reasonable doubt. *See Booker*, --- U.S. at ---, 125 S. Ct. at 756. The Court also declared the mandatory application of the Guidelines unconstitutional. --- U.S. at ---, 125 S. Ct. at 764.

The *Booker* decision is not available to Defendant on collateral review of his sentence. *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *and see United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005). For purposes of retroactivity analysis, the decision in *Booker* merely applies the rule from *Apprendi*, *see Booker*, --- U.S. at ---, 125 S. Ct. at 756, and thus provides no avenue to Defendant in a § 2255 proceeding, *see Bellamy*, 411 F.3d at 1188. These decisions apply only to pending cases and those on direct review. *See Booker*, --- U.S. at ---, 125 S. Ct. at 769; *Bellamy*, 411 F.3d at 1186. Defendant is not entitled to relief under the *Booker* decision, and the Court will dismiss this claim.

IT IS THEREFORE ORDERED that Defendant's claim of illegal sentence under *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), is DISMISSED with prejudice;

IT IS FURTHER ORDERED that the Clerk is directed to forward to the United States of America a copy of Defendant's motion to vacate, set aside, or correct sentence and supporting papers and exhibits, if any, together with a certified copy of this Order;

IT IS FURTHER ORDERED that, within twenty-three days of entry of this Order, the United States answer the claim of involuntary plea resulting from ineffective assistance of counsel in Defendant's motion to vacate, set aside, or correct sentence.

_____
SENIOR UNITED STATES DISTRICT JUDGE