IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSE HERRERA,

        Defendant-Movant,

  vs.                                        **CIVIL NO. 05-934 JP/DJS**
                                                    CRIM. NO. 02-1938 JP

UNITED STATES OF AMERICA,

        Plaintiff-Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION AND DISMISSING ACTION WITH PREJUDICE

On July 19, 2007, Magistrate Judge Don J. Svet filed his Findings and Recommended Disposition (Civ. Doc. No. 18) in response to defendant's motion under 28 U.S.C. § 2255 (Civ. Doc. No. 1). Defendant-Movant Jose Herrera filed his Objections (Civ. Doc. No. 19) to the proposed disposition on August 3, 2007. The Court conducted a *de novo* review of the Findings and Recommended Disposition and finds that it should be adopted.

In his Objections, Herrera argues that his trial counsel failed to accurately advise him of the sentence he would likely face if he pled guilty. In addition, Herrera contends that his counsel failed to object to enhancement of his sentence based on his career offender status, which Herrera argues was "undisputably inapplicable." Movant's Objections (Civ. Doc. No. 19), at 3. Herrera's career offender status determination was based on two prior drug felony convictions that were unknown to the prosecution and the defense counsel at the time of Herrera's plea. The offenses, which the defendant had committed under different aliases, were not discovered until the production of the Presentence Report. *See* United States' Response to Defendant's Motion

(Civ. Doc. No. 4), at 3–5. Herrera's Objections do not explain why he believes the career offender status was inapplicable, and the record does not reveal any grounds upon which Herrera's counsel could have objected to the enhancement. Thus, his counsel's failure to object does not constitute constitutionally inadequate representation.

Magistrate Judge Svet's Findings and Recommended Disposition addresses Herrera's argument that his counsel was ineffective in failing to accurately advise him of his likely sentence. At the time of Herrera's plea, his counsel estimated a sentence of 70 to 80 months. After the prior convictions were discovered, Herrera received a sentence of 262 months. The Findings and Recommended Disposition cites *Gordon v. United States*, 4 F.3d 1567 (10th Cir. 1993), which held that an attorney's erroneous sentence estimate does not constitute constitutionally deficient representation when the defendant's plea agreement and hearing make clear that the court is not bound by the sentencing range anticipated by counsel. *Id.* at 1570. Herrera argues that *Gordon* was overruled by the U.S. Supreme Court in *Glover v. United States*, 531 U.S. 198 (2001). Movant's Objections (Civ. Doc. No. 19), at 2. *Glover* held that even an insignificant increase in sentence resulting from counsel's error could contribute to a finding of prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). Thus, *Glover* addresses the prejudice prong of *Strickland*, and does not overrule *Gordon*, which pertains to the question of whether counsel's performance was constitutionally deficient. *Gordon* remains controlling authority in the Tenth Circuit and clearly requires the dismissal of Herrera's ineffective assistance of counsel claim.

Finally, Herrera objects that the information with which he was charged "only makes reference to mere citation to the applicable statute . . . [and] does not give defendant notice of the

nature of the offense," in particular the fact that "willfulness or knowledge is made an element of the crime." Movant's Objections (Civ. Doc. No. 19), at 1–2. In fact, the information does describe the nature of the offense, including the *mens rea* terms "knowingly and intentionally." (Cr. Doc. No. 18.) Therefore, Herrera's argument that the information failed to place him on notice of the nature of the offense charged is unavailing.

    IT IS THEREFORE ORDERED that Defendant-Movant Herrera's Objections (Civ. Doc. No. 19) are overruled;

    IT IS FURTHER ORDERED that the Magistrate Judge's Findings and Recommended Disposition (Civ. Doc. No. 18) are adopted by the Court;

    IT IS FURTHER ORDERED that the Motion to Vacate, Set Aside or Correct Sentence is denied. A separate judgment will be entered contemporaneously with this Order dismissing the case with prejudice.

_____
UNITED STATES DISTRICT JUDGE